Ryan P. Steen, Bar No. 0912084
ryan.steen@stoel.com
Jason T. Morgan, Bar No. 1602010
jason.morgan@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900

Connor R. Smith, Bar No. 1905046
connor.smith@stoel.com
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900

*Attorneys for Plaintiff Groundfish Forum, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GROUNDFISH FORUM, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL MARINE FISHERIES SERVICE; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; GINA RAIMONDO, in her official capacity as the United States Secretary of Commerce; and JANET COIT, in her official capacity as Assistant Administrator, National Oceanic and Atmospheric Administration,<br><br>  Defendants. | Case No. 3:23-cv-00283-JMK |

**PLAINTIFF'S RESPONSE TO MOTION TO INTERVENE**

*Groundfish Forum, Inc. v. NMFS*
Case No. 3:23-cv-00283-JMK       1

On February 6, 2024, twelve parties collectively self-titled the "the Halibut Defense Alliance" or "the Alliance" filed a motion to intervene in the above-captioned case.[1] Plaintiff reserved its position subject to reviewing the motion, and respectfully provides its response as follows.

Counsel for Plaintiff conferred with the Alliance's counsel, and in exchange for the Alliance's agreement on certain conditions and in reliance on other representations made by the Alliance, as described below, Plaintiff does not oppose the motion to intervene.

"[Intervention] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of proceedings."[2] "[A]n intervenor is admitted to the proceeding as it stands, and in respect of the pending issues, but is not permitted to enlarge those issues or compel an alteration of the nature of the proceeding."[3] Accordingly, if the Court grants the Alliance's motion, Plaintiff requests that the Court order that the Alliance's intervention is subject to the following reasonable conditions to ensure the timely and efficient resolution of this case.

*First*, Plaintiff requests that the Court order the Alliance to comply with the briefing deadlines and page limits set forth in the existing case management schedule.[4]

---

[1] Dkt. 10.

[2] *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 383 (1987*)* (Brennan, J., concurring in part) (quoting Advisory Committee Notes on Fed. Rule Civ. Proc. 24)).

[3] *Vinson v. Washington Gas Light Co.*, 321 U.S. 489, 498 (1944).

[4] Dkt. 8 at 1.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main 206.624.0900　Fax 206.386.7500*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

The Alliance has agreed to comply with the existing case management schedule and page limits, subject to its right to request additional pages if Plaintiff does so. This condition promotes the efficient conduct and resolution of this case.

*Second*, Plaintiff requests that the Court order that the Alliance shall not file any dispositive motions outside of the summary judgment briefing set forth in the existing case management schedule.[5] The Alliance has agreed to this condition, which will also promote the efficient conduct and resolution of this case.

Additionally, Plaintiff's non-opposition to the motion to intervene is based upon the Alliance's representations that: (1) although the Alliance has no intention to file a motion to supplement the administrative record, it recognizes that the record has not been produced and cannot know if the record is complete without seeing it; and (2) the Alliance will work with the parties in good faith to attempt to resolve any administrative record issues that may arise without involving the Court and without causing delay.

For the reasons explained in the scheduling proposal filed earlier with the Court,[6] Plaintiff sincerely hopes to have a resolution in this case by November 1, 2024. And Plaintiff appreciates the Court's commitment to work with the parties to reach a just and speedy resolution of this case.[7] Plaintiff is concerned that the Alliance's participation as an Intervenor-Defendant will place at risk the efficient resolution of this case. However, based upon the conditions stated above and the Alliance's representations regarding the

---

[5] Dkt. 8 at 1.

[6] Dkt. 7 at 5.

[7] *See* Dkt. 8 at 3.

*Groundfish Forum, Inc. v. NMFS*
Case No. 3:23-cv-00283-JMK              3

administrative record, Plaintiff is not opposed to the motion to intervene. Plaintiff therefore respectfully requests that the Court order the Alliance to comply with the conditions stated above should the Court grant the motion to intervene.

DATED: February 20, 2024.  STOEL RIVES LLP

By: */s/ Jason T. Morgan*
 Ryan P. Steen, Bar No. 0912084
 ryan.steen@stoel.com
 Jason T. Morgan, Bar No. 1602010
 jason.morgan@stoel.com
 Connor R. Smith, Bar No. 1905046
 connor.smith@stoel.com

*Attorneys for Plaintiff Groundfish Forum, Inc.*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900 Fax 206.386.7500

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in Case No. 3:23-cv-00283-JMK who are registered CM/ECF users will be served by the CM/ECF system.

                                        */s/ Jason T. Morgan*
                                        Jason T. Morgan

122405112.2 0077665-00002

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900 Fax 206.386.7500