TODD KIM
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ERIKA FURLONG, Trial Attorney (PA Bar No. 319350)
JENNIFER SUNDOOK, Trial Attorney (DC Bar No. 241583)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0424
E-mail: erika.furlong@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GROUNDFISH FORUM INC.,<br><br>        Plaintiff,<br><br>  vs.<br><br>NATIONAL MARINE FISHERIES<br>SERVICE, *et al.*,<br><br>         Defendants,<br>  and<br><br>CENTRAL BERING SEA FISHERMAN'S<br>ASSOCIATION, *et al.*,<br><br>        Intervenor-Defendants. | CIVIL NO. 3:23-cv-00283-JMK<br><br>FEDERAL DEFENDANTS' ANSWER<br>TO COMPLAINT AND PETITION<br>FOR REVIEW (ECF No. 1) |

1

Defendants, the National Marine Fisheries Service ("NMFS"); the National

Oceanic and Atmospheric Administration ("NOAA"); Gina Raimondo, in her official

capacity as Secretary of the U.S. Department of Commerce ("DOC"); and Janet Coit, in

her official capacity as the NOAA Assistant Administrator for Fisheries (collectively,

"Federal Defendants"), provide the following Answer to Plaintiff's Complaint and

Petition for Review, ECF No. 1 ("Complaint"). The numbered paragraphs of this Answer

correspond to the numbered paragraphs of the Complaint. When a textual sentence of the

Complaint is followed by a citation or citations, the textual sentence and its

accompanying citation(s) are referred to as one sentence. Federal Defendants deny any

allegations in Plaintiff's Complaint, whether express or implied, that are not specifically

admitted, denied, or qualified herein.[1]

---

[1] The Administrative Procedure Act ("APA") governs judicial review of the merits of
Plaintiff's APA claims. *See* 5 U.S.C. § 706 ("the court shall review the whole record or
those parts of it cited by a party"). In an APA action, the Court sits as an appellate
tribunal and determines, as a matter of law, whether the facts found by the agency and the
agency's decision as a whole are supported by the administrative record. *Id.*; *Karuk Tribe
of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1017 (9th Cir. 2012) (en banc) ("Because this
is a record review case, we may direct that summary judgment be granted to either party
based upon our review of the administrative record.") (citation omitted). Thus, the
allegations of fact in the Complaint and any responses contained in this Answer are not
relevant to the judicial review. *See Occidental Eng'g Co. v. Immigr. & Naturalization
Serv.*, 753 F.2d 766, 769 (9th Cir. 1985) (in an APA action, "there are no disputed facts
that the district court must resolve. That court is not required to resolve any facts in a
review of an administrative proceeding."). Federal Defendants nonetheless respond to
the numbered paragraphs of the Complaint.

1.     The allegations in Paragraph 1 contain Plaintiff's characterization of its case and the nature of the action, to which no response is required. To the extent a response is required, the allegations are denied.

2.     The allegations in Paragraph 2 contain Plaintiff's characterization of the Magnuson-Stevens Fishery Conservation and Management Act ("MSA") and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the MSA and its implementing regulations.

3.     The allegations in the first sentence of Paragraph 3 contain Plaintiff's characterization of the Fishery Management Plan for Groundfish of the Bering Sea and Aleutian Islands Management Area ("Groundfish FMP"), which speaks for itself and is the best evidence of its contents. Defendants deny any allegations contrary to that document's plain language, meaning, or context. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 3, and Federal Defendants deny them on that basis.

4.     Federal Defendants admit the allegations in the first sentence of Paragraph 4. Federal Defendants admit the allegation in the second sentence of Paragraph 4 that "bycatch" occurs when fish are harvested but not sold or kept for personal use, as defined at 16 U.S.C. § 1802(2). Federal Defendants deny the remaining allegations in the second sentence of Paragraph 4. The allegations in the third sentence of Paragraph 4 characterize the U.S. National Bycatch Report, which speaks for itself and is the best evidence of its

3

contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of that report. Federal Defendants admit the allegation in the fourth sentence of Paragraph 4 that bycatch can be wasteful. The remaining allegations in the fourth sentence of Paragraph 4 characterize the MSA, which speaks for itself and is the best evidence of its contents, and are otherwise too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the fifth sentence of Paragraph 4 characterize the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the Groundfish FMP's plain language, meaning, or context.

5.    The allegations in the first sentence of Paragraph 5 are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis. The allegations in the second, third, and fourth sentences of Paragraph 5 characterize the MSA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context. Federal Defendants deny the allegations in the fifth sentence of Paragraph 5.

6.    The allegations in the first and second sentences of Paragraph 6 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the third sentence of Paragraph 6 characterize Amendment 111 to the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to Amendment 111's plain language, meaning,

or context. The allegations in the fourth and fifth sentences of Paragraph 6 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants also lack knowledge or information sufficient to form a belief about the truth of the allegations and deny them on that basis. The allegations in the sixth sentence of Paragraph 6 appear to characterize the Alaska Seafood Cooperative's reports to the North Pacific Fishery Management Council ("Council"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the reports' plain language, meaning, or context.

7. Federal Defendants admit that NMFS, acting through delegated authority from the Secretary of Commerce, approved Amendment 123 to the Groundfish FMP. The remaining allegations in Paragraph 7 appear to characterize Amendment 123 and earlier amendments to the Groundfish FMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

8. Federal Defendants deny the allegations in the first sentence of Paragraph 8. The allegations in the second sentence of Paragraph 8 characterize the Council's October 2020 statement of purpose and need, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the statement. The remaining allegations in Paragraph 8 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

9.    Federal Defendants deny the allegations in Paragraph 9.

10.    Federal Defendants deny the allegations in the first, third, and fifth sentences of
Paragraph 10. The allegations in the second sentence of Paragraph 10 characterize the
Final Environmental Impact Statement for Amendment 123 ("EIS"), which speaks for
itself and is the best evidence of its contents. Federal Defendants deny any allegations
contrary to the EIS's plain language, meaning, or context. The allegations in the fourth
sentence of Paragraph 10 constitute legal conclusions to which no response is required.
To the extent a response is required, the allegations are denied. The allegations in the
sixth sentence of Paragraph 10 characterize Amendment 111 to the Groundfish FMP,
which speaks for itself and is the best evidence of its contents. Federal Defendants deny
any allegations contrary to its plain language, meaning, or context. The allegations in the
seventh sentence of Paragraph 10 characterize the International Pacific Halibut
Commission's ("IPHC") Individual Fishing Quota Allocations and Landings, which
speak for themselves and are the best evidence of their contents. Federal Defendants deny
any allegations contrary to their plain language, meaning, or context. The allegations in
the eighth sentence of Paragraph 10 constitute Plaintiff's characterization of its case and
legal conclusions, to which no response is required. To the extent a response is required,
Federal Defendants deny the allegations.

11.    The allegations in the first sentence of Paragraph 11 characterize Amendment 123
to the Groundfish FMP, which speaks for itself and is the best evidence of its contents.
Federal Defendants deny any allegations contrary to Amendment 123's plain language,

meaning, or context. The allegations in the second sentence of Paragraph 11 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the third sentence of Paragraph 11.

12.     The allegations in Paragraph 12 contain Plaintiff's characterization of its case, legal conclusions, and requests for relief, to which no responses are required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 12 also characterize the National Environmental Policy Act ("NEPA"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to NEPA's plain language, meaning, or context.

13.     Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, fourth, sixth, and seventh sentences in Paragraph 13, and deny them on that basis.  The allegations in the fifth sentence of Paragraph 13 constitute a legal conclusion to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

14.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 14 and deny them on that basis. The allegations in the second sentence of Paragraph 14 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

7

15.     Federal Defendants admit the allegations in the first sentence of Paragraph 15. The allegations in the second sentence of Paragraph 15 characterize Plaintiff's comments to environmental review documents related to Amendment 123 of the Groundfish FMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context. The allegations in the third sentence of Paragraph 15 refer to Plaintiff's Exhibit A, which speaks for itself and is the best evidence of its contents.

16.     The allegations in the first, third, seventh, and eighth sentences of Paragraph 16 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fourth sentence of Paragraph 16 characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EIS's plain language, meaning, or context. Federal defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16, and deny them on that basis.

17.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 17. The allegations in the third sentence of Paragraph 17 characterize Federal Defendants' responsibilities under relevant legal authorities, which speak for themselves and are the best evidence of their content. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of those legal authorities.

18.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 18. The third sentence of Paragraph 18 characterizes the Secretary of

Commerce's responsibilities under relevant legal authorities. Those legal authorities speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of those legal authorities. Federal Defendants further deny the allegations in the third sentence of Paragraph 18 that there have been "violations of the MSA, NEPA, and the APA[.]"

19.     Federal Defendants admit the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

21.     The allegations in Paragraph 21 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

22.     The allegations in Paragraph 22 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23.     The allegations in Paragraph 23 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24.     The allegations in the first, second, and third sentences of Paragraph 24 characterize the APA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the APA's plain language, meaning, or context. The allegations in the fourth sentence of Paragraph 24 constitute legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

25.     The allegations in Paragraph 25 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

26.     The allegation in the first sentence of Paragraph 26 characterizes the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context. Federal Defendants admit the allegation in the second sentence of Paragraph 26.

27.     The allegations in Paragraph 27 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

28.     The allegations in Paragraph 28 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

29.     The allegations in Paragraph 29 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

30.     The allegations in Paragraph 30 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

31.     The allegations in Paragraph 31 characterize Federal Defendants' responsibilities under legal authorities such as the MSA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of those legal authorities.

32.     The allegations in Paragraph 32 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

33.     The allegations in Paragraph 33 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

34.     The allegations in Paragraph 34 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

35.     The allegations in Paragraph 35 characterize NEPA and the MSA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

36.     The allegations in Paragraph 36 characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to NEPA's plain language, meaning, or context.

37.     The allegations in Paragraph 37 characterize NEPA and its associated regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of NEPA or its associated regulations.

38.     The allegations in Paragraph 38 characterize NEPA and its associated regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of NEPA or its associated regulations.

39.     The allegations in the first sentence of Paragraph 39 characterize NEPA and its associated regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of NEPA or its associated regulations. The allegations in the second, third, and fourth sentences of Paragraph 39 characterize Ninth Circuit opinions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

40.     The allegations in Paragraph 40 characterize NEPA and its associated regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of NEPA or its associated regulations.

41.     The allegations in Paragraph 41 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

42.     Federal Defendants admit the allegations in the first, second, and fourth sentences of Paragraph 42. The allegations in the third sentence of Paragraph 42 appear to characterize the Northern Pacific Halibut Act ("NPHA") and the Convention between the United States of America and Canada for the Preservation of the Halibut Fishery of the Northern Pacific Ocean and Bering Sea ("Halibut Treaty"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the NPHA and Halibut Treaty.

43.     The allegations in the first, second, and third sentences of Paragraph 43 characterize IPHC stock assessments, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context. The allegations in the fourth sentence of Paragraph 43 constitute a legal conclusion to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

44.     Federal Defendants admit the allegations in the first sentence of a Paragraph 44. The allegations in the remainder of Paragraph 44 appear to characterize the MSA, the NPHA, and their corresponding regulations (along with changes to these legal authorities over the years). These legal authorities speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning or context.

45.     The allegations in Paragraph 45 appear to characterize the 2022 and 2023 IPHC stock assessment reports, which speak for themselves and are the best evidence of their

13

contents. Federal Defendants deny any allegations contrary to the reports' plain language, meaning, or context.

46.    Federal Defendants deny the allegation in the first sentence of Paragraph 46. The allegations in the second, third, fourth, and fifth sentences of Paragraph 46 appear to characterize the NMFS *National Report: United States of America* (2024) and IPHC commercial landings, discard mortality, and fishery limits data, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

47.    Federal Defendants admit the allegations in the first sentence of Paragraph 47. The allegations in the second sentence of Paragraph 47 appear to characterize the MSA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning or context.

48.    Federal Defendants admit the allegations in the first sentence in Paragraph 48. The remaining allegations in Paragraph 48 characterize the Amendment 80 Final Rule at 72 Fed. Reg. 52668 (Sept. 14, 2007), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the rule's plain language, meaning, or context.

49.    Federal Defendants admit that the IPHC requested that the Amendment 80 sector reduce halibut bycatch mortality, as set forth in the Amendment 80 Final Rule, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the

14

remaining allegations in the first sentence of Paragraph 49. The allegations in the second sentence of Paragraph 49 appear to characterize the IPHC *Fisheries Data Overview*, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations contrary to its plain language, meaning, or context.

50.     The allegations in Paragraph 50 characterize the regulations, without citation or attribution, that were implemented both before and after Amendment 80, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the regulations.

51.     The allegations in the first and second sentences of Paragraph 51 appear to characterize IPHC stock assessment reports and the Alaska Seafood Cooperative's reports to the Council, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the reports' plain language, meaning or context. Federal Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of Paragraph 51, and Federal Defendants deny them on that basis.

52.     Federal Defendants lack information or knowledge sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 52, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 52 characterize the Halibut Avoidance Plan, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, or context.

53.     Federal Defendants admit the first and second sentences in Paragraph 53 subject to the clarification that NMFS and the Amendment 80 sector jointly developed the deck sorting program. The allegations in the third sentence of Paragraph 53 characterize an exempted fishing permit and its application, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

54.     The allegations in Paragraph 54 characterize a series of exempted fishing permits, NMFS regulations at 84 Fed. Reg. 55044, and the EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

55.     Federal Defendants deny the allegations in the first sentence of Paragraph 55. Federal Defendants admit the allegation in the second sentence of Paragraph 55 that NMFS did not identify "new tools" subject to the clarification that NMFS determined that further halibut reductions are practicable through improved use of existing bycatch reduction tools. Federal Defendants lack information or knowledge sufficient to form a belief about the truth of the remaining allegations in the second sentence of Paragraph 55, and Federal Defendants deny the remaining allegations on that basis. Federal Defendants admit the allegation in the third sentence of Paragraph 55 that minimizing halibut bycatch imposes costs, and Federal Defendants lack information or knowledge sufficient to form a belief about the remaining allegations in that sentence and deny the remaining allegations on that basis.

16

56.     Federal Defendants admit the allegations in the first sentence of Paragraph 56 that NMFS issued a final rule that was published in the Federal Register on April 27, 2016. The remaining allegations in Paragraph 56 characterize Amendment 111 to the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to Amendment 111's plain language, meaning, or context.

57.     The allegations in Paragraph 57 characterize Amendment 111 to the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to Amendment 111's plain language, meaning, or context.

58.     The allegations in Paragraph 58 characterize Amendment 111 to the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to Amendment 111's plain language, meaning, or context.

59.     The allegations in Paragraph 59 characterize the environmental assessment ("EA") for Amendment 111 to the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EA's plain language, meaning, or context.

60.     The allegations in Paragraph 60 characterize the EA for Amendment 111 to the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EA's plain language, meaning, or context.

17

61.    The allegations in Paragraph 61 characterize the September 2019 Initial Review Draft EIS for Amendment 123, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the September 2019 Initial Review Draft EIS's plain language, meaning, or context.

62.    The allegations in Paragraph 62 characterize a Council motion from February 2020, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the motion's plain language, meaning, or context.

63.    The allegations in Paragraph 63 characterize the September 2020 Initial Review Draft EIS for Amendment 123, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the September 2020 Initial Review Draft EIS's plain language, meaning, or context.

64.    The allegations in Paragraph 64 characterize the September 2021 Draft EIS for Amendment 123, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the September 2021 Draft EIS's plain language, meaning, or context.

65.    Federal Defendants admit the allegations in the first, second, third, and fourth sentences of Paragraph 65.  The allegations in the fifth sentence of Paragraph 65 appear to characterize the proposed rule for implementation of Amendment 123 (87 Fed. Reg. 75570 (Dec. 9, 2022)), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the proposed rule's plain language, meaning, or context.

66.    Federal Defendants admit that Plaintiff submitted written comments on the proposed rule, proposed Amendment, and associated EIS, which are attached as Exhibit A to the Complaint. The remaining allegations in Paragraph 66 characterize those comments and other input provided by Plaintiff, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to their plain language, meaning, or context are denied.

67.    The allegations in Paragraph 67 characterize Amendment 123 of the Groundfish FMP and other regulations concerning the "fishery or sector," which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

68.    The allegations in the first sentence of Paragraph 68 characterize Amendment 123 to the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to Amendment 123's plain language, meaning, or context. The allegations in the second and fourth sentences of Paragraph 68 contain Plaintiff's characterization of its case and legal conclusions to which no response is required. To the extent a response is required, Federal Defendants deny the allegations. The allegations in the third sentence of Paragraph 68 characterize a report of the Council's Scientific and Statistical Committee, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the report's plain language, meaning, or context.

69.     The allegations in the first, second, and third sentences of Paragraph 69 appear to characterize the *Report of the 98th Session of the IPHC Interim Meeting* (2022) and the *IPHC Fishery-Dependent Setline Survey (FISS) design and implementation in 2023*, which speak for themselves and are the best evidence of their contents. Federal Defendants deny the allegations in the fourth, fifth, and seventh sentences of Paragraph 69. The allegations in the sixth sentence of Paragraph 69 characterize Plaintiff's counsel's May 19, 2023 letter, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, or context.

70.     The allegations in the first, second, and third sentences of Paragraph 70 characterize Amendment 123, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to Amendment 123's plain language, meaning, or context. The allegations in the fourth sentence of Paragraph 70 characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EIS's plain language, meaning, or context. Federal Defendants deny the allegations in the fifth and sixth sentences of Paragraph 70. The allegations in the seventh sentence of Paragraph 70 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

71.     The allegations in Paragraph 71 characterize Amendments 111 and 123 to the Groundfish FMP, which speak for themselves and are the best evidence of their contents.

20

Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

72.     Federal Defendants admit the allegations in the first sentence of Paragraph 72. Federal Defendants deny the allegations in the second and third sentences of Paragraph 72.

73.     The allegations in Paragraph 73 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

74.     The allegations in the first and second sentences of Paragraph 74 appear to characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EIS's plain language, meaning, or context. Federal Defendants deny the allegations in the third sentence of Paragraph 74.

75.     The allegations in the first sentence of Paragraph 75 are too vague, ambiguous, and speculative to permit a response, and Federal Defendants deny them on that basis. The allegations in the second and fifth sentences of Paragraph 75 appear to characterize the proposed rule for implementation of Amendment 111, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the proposed rule's plain language, meaning, or context. The allegations in the third, fourth, and fifth sentences of Paragraph 75 appear to characterize the 2015 and 2022 Individual Fishing Quota Allocations and Landings, which speak for themselves and are the best

evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

76.     The allegations in Paragraph 76 characterize Amendments 111 and 123 to the Groundfish FMP, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary their plain language, meaning, or context.

77.     Federal Defendants deny the allegations in the first sentence of Paragraph 77.  The allegations in the second sentence of Paragraph 77 characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EIS's plain language, meaning, or context. The allegations in the third sentence of Paragraph 77 characterize Amendment 123 to the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, or context.

78.     The allegations in Paragraph 78 characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EIS's plain language, meaning, or context.

79.     The allegations in the first, second, and fourth sentences of Paragraph 79 contain Plaintiff's characterization of its case and are legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the third sentence of Paragraph 79 characterize the EIS, which speaks for itself and is

22

the best evidence of its contents. Federal Defendants deny any allegations contrary to the EIS's plain language, meaning, or context.

80.     The allegations in Paragraph 80 characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EIS's plain language, meaning, or context.

81.     The allegations in the first and third sentences of Paragraph 81 characterize the EIS and the Amendment 80 Final Rule, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context. The allegations in the second and fourth sentences of Paragraph 81 constitute Plaintiff's characterization of its case and are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

82.     The allegations in the first, second, and sixth sentences of Paragraph 82 characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the EIS's plain language, meaning, or context. The allegations in the third and fourth sentences of Paragraph 82 characterize comments submitted by Plaintiff and its members, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the comments' plain language, meaning, or context. The allegations in the fifth sentence of Paragraph 82 characterize the NMFS Bering Sea climate projections, which speak for

23

themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context.

83.     The allegations in the first sentence of Paragraph 83 characterize comments submitted by Plaintiff and its members, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the comments' plain language, meaning, or context. Federal Defendants deny the second sentence and the third sentence of Paragraph 83.

84.     Federal Defendants hereby incorporate all preceding paragraphs.

85.     The allegations in Paragraph 85 characterize the MSA and APA, which speak for themselves and are the best evidence of their respective contents. Federal Defendants deny any allegations contrary to the plain language, meaning, or context of the MSA or APA.

86.     The allegations in Paragraph 86 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context.

87.     The allegations in Paragraph 87 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

        a.      The allegations in subparagraph a of Paragraph 87 characterize the MSA and APA, which speak for themselves and are the best evidence of their contents. Federal

Defendants deny any allegations contrary to their plain language, meaning, or context. The allegations in subparagraph a of Paragraph 87 also contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

b.      The allegations in subparagraph b of Paragraph 87 characterize the MSA and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context. The allegations in subparagraph b of Paragraph 87 also contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

c.      The allegations in subparagraph c of Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

d.      The allegations in the first sentence of subparagraph d of Paragraph 87 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context. The remaining allegations in subparagraph d of Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

e.      The allegations in the first sentence of subparagraph e of Paragraph 87 characterize the final rule for Amendment 123 of the Groundfish FMP, which speaks for

25

itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the final rule's plain language, meaning, or context. The remaining allegations in subparagraph e of Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

f.      The allegations in the first sentence of subparagraph f of Paragraph 87 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context. The remaining allegations in subparagraph f of Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

g.      The allegations in the first sentence of subparagraph g of Paragraph 87 characterize the MSA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the MSA's plain language, meaning, or context. The remaining allegations in subparagraph g of Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

h.      The allegations in subparagraph h of Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

i.      The allegations in subparagraph i of Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

j.      The allegations in subparagraph j of Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

k.      The allegations in subparagraph k of Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

l.      The allegations in the first sentence of subparagraph l of Paragraph 87 characterize Amendment 123 to the Groundfish FMP, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to its plain language, meaning, or context. The remaining allegations in subparagraph l of Paragraph 87 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

m.      The allegations in the first and second sentences of subparagraph m of Paragraph 87 characterize the MSA and EIS, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to their plain language, meaning, or context. The remaining allegations in subparagraph m of

Paragraph 87 contain legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

88.     The allegations in Paragraph 88 contain Plaintiff's characterization of its case, legal conclusions, and a request for relief, to which no response is required. To the extent a response is required, the allegations are denied.

89.     Federal Defendants hereby incorporate all preceding paragraphs.

90.     The allegations in the first sentence of Paragraph 90 characterize NEPA, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to NEPA's plain language, meaning, or context. The allegations in the second sentence of Paragraph 90 characterize the Ninth Circuit's decision in *National Parks & Conservation Association v. Bureau of Land Management*, 606 F.3d 1058, 1072 (9th Cir. 2010), which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations contrary to the decision's plain language, meaning, or context.

91.     The allegations in Paragraph 91 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

92.     The allegations in Paragraph 92 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

28

93.     The allegations in Paragraph 93 constitute legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

94.     The allegations in the first sentence of Paragraph 94 characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the NEPA regulations' plain language, meaning, or context. The remaining allegations in Paragraph 94 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

95.     The allegations in the first, second, and fifth sentences of Paragraph 95 characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the NEPA regulations' plain language, meaning, or context. The remaining allegations in Paragraph 95 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

96.     The allegations in the first sentence of Paragraph 96 characterize NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations contrary to the NEPA regulations' plain language, meaning, or context. The remaining allegations in Paragraph 96 contain Plaintiff's characterization of its case and legal conclusions, to which no response is required. To the extent a response is required, the allegations are denied.

97.     The allegations in Paragraph 97 contain Plaintiff's characterization of its case,
legal conclusions, and a request for relief, to which no response is required. To the extent
a response is required, the allegations are denied.

98.     The allegations in Paragraph 98 characterize the APA, which speaks for itself and
is the best evidence of its contents. Federal Defendants deny any allegations contrary to
the APA's plain language, meaning, or context.

99.     The allegations in Paragraph 99 constitute legal conclusions, to which no response
is required. To the extent a response is required, the allegations are denied.

100.    The allegations in Paragraph 100 contain Plaintiff's characterization of its case
and legal conclusions, to which no response is required. To the extent a response is
required, the allegations are denied.

## RESPONSE TO REQUEST FOR RELIEF

The remainder of Plaintiff's Complaint constitutes its requests for relief, to which
no response is required. To the extent a further response is required, Defendants deny that
Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.  The Court lacks subject-matter jurisdiction over some or all of Plaintiff's claims.

2.  Plaintiff has failed to state a claim upon which relief can be granted.

3.  Plaintiff has failed to exhaust its administrative remedies and thus have waived
    some or all of its claims.

4. Defendants reserve the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

Respectfully submitted this 5th day of March, 2024.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

*/s/ Erika Furlong*
ERIKA FURLONG (PA Bar No. 319350)
Wildlife & Marine Resources Section
JENNIFER SUNDOOK (DC Bar No. 241583)
Natural Resources Section
Trial Attorneys
150 M Street NE
Washington, DC 2002
(202)305-0424 (Furlong)
(202)305-0239 (Sundook)
Fax: (202)305-0275
Erika.Furlong@usdoj.gov
Jennifer.Sundook@usdoj.gov

*Attorneys for Defendants*