Ryan P. Steen, Bar No. 0912084
ryan.steen@stoel.com
Jason T. Morgan, Bar No. 1602010
jason.morgan@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900

Connor R. Smith, Bar No. 1905046
connor.smith@stoel.com
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900

*Attorneys for Plaintiff Groundfish Forum, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GROUNDFISH FORUM, INC., <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; GINA RAIMONDO, in her official capacity as the United States Secretary of Commerce; and JANET COIT, in her official capacity as Assistant Administrator, National Oceanic and Atmospheric Administration, <br><br> Defendants. | Case No. 3:23-cv-00283-JMK |

## PLAINTIFF'S OPPOSITION TO MOTION TO EXTEND BRIEFING DEADLINES

Plaintiff Groundfish Forum, Inc. ("Plaintiff") respectfully provides this response in opposition to Federal Defendants' and Intervenor-Defendants' (collectively "Defendants") Motion to Extend Briefing Deadlines ("Motion"). *See* Dkt. 27. For the reasons set forth below, Plaintiff opposes Defendants' requested 30-day extension of the deadline for the filing of response briefs but does not oppose a 14-day extension, as is allowed by the Court's current scheduling order.

## I. RELEVANT BACKGROUND

On December 19, 2023, Plaintiff filed its Complaint and Petition for Review. Dkt. 1. On January 26, 2024, Plaintiff and Federal Defendants filed a Joint Scheduling Proposal, requesting the Court to modify certain deadlines in Local Rule 16.3. Dkt. 7. Specifically, Plaintiff and Federal Defendants requested the following deadlines:

- Plaintiff's opening summary judgment brief due April 19, 2024;
- Federal Defendants to file response brief 60 days later on June 18, 2024; and
- Plaintiff's reply brief due 23 days later on July 11, 2024.

*Id.* at 4. Pursuant to 16 U.S.C. § 1855(f)(4), Plaintiff requested that the Court "assign the matter for hearing at the earliest possible date" and "expedite the matter in every possible way" by issuing a summary judgment ruling by no later than November 1, 2024. *Id.* at 5.

On January 30, 2024, the Court entered its Administrative Appeal Scheduling Order ("Scheduling Order"). *See* Dkt. 8. The Court granted the parties' request to modify the briefing schedule but did not adopt all of the parties' proposed deadlines. *See id.* at 1-3. As to summary judgment briefing, the Court established the following deadlines:

- Plaintiff's opening brief due April 26, 2024;
- Federal Defendants to file response brief 30 days later on May 28, 2024; and
- Plaintiff's reply to Federal Defendants' brief due 14 days later on June 11, 2024.

*Id.* at 2. The Scheduling Order states that "[o]ne extension of time of up to 14 days will be routinely granted for each filing" and "[t]he parties may jointly move the Court for an amended scheduling order should the complexity of the underlying case so necessitate." *Id.* at 3. The Court denied Plaintiff's request to commit to issuing a final decision by November 1, 2024, but committed to "work with the parties to reach a just and speedy resolution of this case." *Id.* The Court also invited Plaintiff "to request expedited rulings as motions are filed." *Id.*

On February 6, 2024, Intervenor-Defendants filed their motion to intervene, stating that "their participation will not unduly delay this case or otherwise prejudice the existing parties." Dkt. 10 at 6. On February 20, 2024, Plaintiff filed a conditional non-opposition to Intervenor-Defendants' motion on the basis that Intervenor-Defendants "agreed to comply with the existing case management schedule and page limits, subject to [their] right to request additional pages if Plaintiff does so." Dkt. 15 at 3. On February 21, 2024, the Court granted Intervenor-Defendants' motion to intervene. Dkt. 16.

On March 4, 2024, Federal Defendants requested a one-week extension to file the administrative record (on March 12 instead of March 5). Dkt. 17. Plaintiff did not oppose this request, *see id.* at 2, and the Court granted the request, *see* Dkt. 18. On March 12, 2024, Federal Defendants filed the administrative record, which encompassed over 52,900 pages and more than 30 audio files. Dkt. 20; Dkt. 20-1. Certain documents were

missing from the record, however, and, on April 19, 2024, Federal Defendants filed a 7,500-page supplement to the administrative record. *See* Dkt. 25-2. Plaintiff completed its review of the administrative record and filed its 25-page opening brief on April 26, 2024, in compliance with the Court's Scheduling Order. *See* Dkt. 26.

## II. ARGUMENT

Federal Defendants request exactly the same amount of time for their response brief (60 days) that this Court already considered and rejected in its Scheduling Order. They claim they need the additional time because of "significant competing deadlines," but they do not indicate whether those deadlines arose after the Court's Scheduling Order or if they existed prior (nor do they provide any declaration attesting to them). *See* Dkt. 27 at 3-4. Intervenor-Defendants also do not say whether their counsel's obligations arose before or after they committed to abide by the Scheduling Order (nor do they provide a declaration). *See id.* at 5-6. For the following reasons, the Court should deny the Motion and, if it determines some additional time is needed, grant a 14-day extension.

***First*,** if Federal Defendants' claimed obligations existed *before* the Scheduling Order, then they should have moved for reconsideration within the deadline provided by the Local Rules (February 6, 2024[1]) instead of waiting 87 days past that deadline (and until after Plaintiff timely filed its opening brief) to seek the same relief that was already presented and denied.

---

[1] *See* Local Rule 7.3(h)(2).

***Second,*** to the extent Defendants' claimed obligations arose *after* the Scheduling Order, they do not indicate whether they have attempted to seek extensions in the competing matters. Defendants may wish to give this case the lowest priority in their scheduling of obligations, but this case is governed by the Magnuson Act and thus required, upon motion, to be "expedite[d] . . . in every possible way." *See* 16 U.S.C. § 1855(f)(4).[2]

***Third***, the Scheduling Order provides that "[t]he parties may jointly move the Court for an amended scheduling order should the complexity of the underlying case so necessitate." Dkt. 8 at 3. This standard is not satisfied. The parties have not jointly moved for an amended scheduling order and Defendants have provided no reason why "the complexity of the underlying case" necessitates a 30-day extension. In fact, the opposite is true. Plaintiff filed a 25-page opening brief, in compliance with the Scheduling Order, that narrows this case down to two primary Magnuson Act claims and one NEPA claim.[3] There is no "complexity" that necessitates 60 days to respond to a 25-page summary judgment motion.

***Fourth,*** Plaintiff filed a non-opposition to Intervenor-Defendants' motion to intervene based, in significant part, on the representation that they would "comply with

---

[2] At the Court's invitation (Dkt. 8 at 3), Plaintiff plans to file another request for expedited resolution of this matter (*i.e.*, by November 1, 2024) immediately upon conclusion of summary judgment briefing, along with any request for oral argument.

[3] Plaintiff's understanding is that Ms. Sundook (Federal Defendants' counsel who identifies the most competing obligations) is only responsible for briefing the single NEPA claim in this case.

the existing case management schedule and page limits." *See* Declaration of Ryan Steen ("Steen Decl."), Ex. A at 1-2. Intervenor-Defendants' counsel specifically represented that "I will not go to the court with a proposal to alter the schedule without your agreement." Ex. A at 1. But that is exactly what Intervenor-Defendants have done. This is gamesmanship, not a demonstration of complexity that necessitates a change in schedule.

**Finally**, Federal Defendants incorrectly claim that "Plaintiff will not be prejudiced by this amendment to the schedule . . . ." Dkt. 27 at 6. As Plaintiff's counsel conveyed to Federal Defendants' counsel in advance of the filing of the Motion, Plaintiff is significantly prejudiced by Federal Defendants' request. After the Scheduling Order was established (and after Federal Defendants did not move for reconsideration and Intervenor-Defendants committed to abide by the Court's Scheduling Order), Plaintiff's counsel scheduled vacations during the first three weeks of July. Specifically, Mr. Steen will be on vacation with his family on July 1, 2, and 5; Mr. Morgan will be on vacation with his family on July 8-12; and Mr. Smith will be on vacation with his family on July 3-9 and 17-21. *See* Steen Decl. ¶ 2.

Federal Defendants (having been notified of these vacations) apparently see these commitments as irrelevant because, they say, "Plaintiff originally agreed to a deadline of July 11, 2024 for its reply brief." Dkt. 27 at 6. But Plaintiff's counsel scheduled summer vacations *after* the briefing schedule for this case was established, in reliance, in part, on the Court's Scheduling Order. Steen Decl. ¶ 2. Additionally, when Plaintiff earlier agreed to the July 11 deadline, that was under a schedule in which Federal Defendants would

have produced their response brief on June 18, not June 27 as they are currently proposing. Dkt. 7 at 4.

As it stands, Federal Defendants have requested a reply briefing period for Plaintiff of June 27 to July 11—a 14-day period of time when all three of Plaintiff's counsel are gone for at least a significant part of the time and when a major federal holiday occurs. To have sufficient time to prepare reply briefs in response to two 25-page briefs, Plaintiff would, at a minimum, need to request a routine 14-day extension and perhaps a longer extension given the absence of counsel during the first portion of an extended reply briefing period (*i.e.*, the time when the brief must be drafted in order to allow for adequate client review and revisions on the back end of the time period).[4] Steen Decl. ¶ 3. This will push the completion of summary judgment briefing to the end of July or early August. Plaintiff is very concerned that this will compromise the Court's ability to issue a decision by November 1, 2024 (should the Court be inclined to do so). In short, Plaintiff is prejudiced by the requested extension and the resulting delay.

### III. CONCLUSION

The Scheduling Order gives Defendants sufficient time to respond to Plaintiff's 25-page opening brief, particularly given Plaintiff's non-opposition to the routine 14-day extension. Plaintiff respectfully requests that the Court deny the Motion.

---

[4] Intervenor-Defendants entered the case after the schedule was established. Plaintiff will now need to prepare two reply briefs—one in response to Federal Defendants' response brief and one in response to Intervenor-Defendants' response brief—during the reply briefing period.

DATED: May 10, 2024.    STOEL RIVES LLP


By: */s/ Ryan P. Steen*
    Ryan P. Steen, Bar No. 0912084
    ryan.steen@stoel.com
    Jason T. Morgan, Bar No. 1602010
    jason.morgan@stoel.com
    Connor R. Smith, Bar No. 1905046
    connor.smith@stoel.com

*Attorneys for Plaintiff Groundfish Forum, Inc.*

*Groundfish Forum, Inc. v. NMFS*
Case No. 3:23-cv-00283-JMK     7
Case 3:23-cv-00283-JMK   Document 28   Filed 05/10/24   Page 8 of 9

# CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in Case No. 3:23-cv-00283-JMK who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Ryan P. Steen*
Ryan P. Steen

123211411.4 0077665-00002