IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GROUNDFISH FORUM, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL MARINE FISHERIES SERVICE, *et al.*,<br><br>Defendants,<br>and<br><br>CENTRAL BERING SEA FISHERMAN'S ASSOCIATION, *et al.*,<br><br>Intervenor-Defendants. | Case No. 3:23-cv-00283-JMK<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO EXTEND BRIEFING DEADLINES** |

At Docket 27, Defendants filed a Motion to Extend Briefing Deadlines. The Motion is fully briefed.[1] Defendants argue that good cause exists because Plaintiff's "allegations implicate multiple fishery management regimes, each of which is factually and

---

[1] Docket 28, Docket 29.

legally complex."² Defendants further argue that Defendants' counsel cannot adequately brief the issues in the time currently allotted due to competing professional commitments.³

Plaintiff opposes the extension on five grounds. First, Plaintiff questions whether Defendants' competing professional commitments existed before the Court issued its Scheduling Order; and second, whether Defendants have sought extensions in their other cases. Third, Plaintiff argues that the case is not sufficiently complex to require an extension, and that the Scheduling Order requires a joint motion. Fourth, Plaintiff argues that Intervenor-Defendants have failed to comply with the representations they made to the Court, and that the request for extension is based on gamesmanship and not necessity. Lastly, Plaintiff argues it will be prejudiced by the delay because briefing would likely finalize in early August and Plaintiff would like a decision from the Court by November 1, 2024.⁴ The Court will address these arguments in turn.

First, Defendants competing professional obligations arose after the Court issued the Scheduling Order.⁵ Second, Defendants have discussed with opposing counsel in several of their other cases the possibility of extending deadlines, however, some of those cases have deadlines that cannot be altered.⁶ The Court is committed to adjudicating this matter as efficiently as practicable. However, the Court will not require Defendants to upend all of their other cases before seeking an extension in this matter.

---

² Docket 27 at ¶ 4.
³ Docket 27 ¶ 5.
⁴ Docket 28 at 4–7.
⁵ Docket 29 at 1–2.
⁶ Docket 29 at 5–6.

Third, Defendants argue that the case is sufficiently complex to justify an extension, noting that the administrative record in this case is over 60,000 pages.[7] The Scheduling Order indicates that "[o]ne extension of time of up to 14 days will be routinely granted for each filing. The parties may jointly move the Court for an amended scheduling order should the complexity of the underlying case so necessitate.[8] Despite the language in the Scheduling Order, pursuant to the Court's "inherent power to control [its] docket," the Court will permit an extension in this case where good cause is shown.[9] Fourth, the Motion to Extend Briefing Deadlines was not sought by Intervenor-Defendants based on gamesmanship.[10] In fact, "[b]ut for Federal Defendants' decision to seek an extension of the briefing deadline, Intervenor-Defendants would not have joined the motion . . . Intervenor-Defendants would not have independently moved for an extension."[11]

Lastly, Plaintiff's argument that it will be prejudiced by the extension is unpersuasive. Assuming Plaintiff's contention is correct that granting Defendants' extension will necessitate an extension for Plaintiff to file its reply the briefing will still be completed by early August.[12] The Court remains committed to "work with the parties to reach a just and speedy resolution of this case."

Finding good cause exists based on the complexity of the underlying dispute in conjunction with competing professional obligations, the Court hereby **GRANTS**

---

[7] Docket 29 at 6 n. 4.
[8] Docket 8 at ¶ 7.
[9] *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).
[10] Docket 29 at 6.
[11] Docket 29 at 6.
[12] Docket 28 at 5–7.

Defendants' Motion to Extend Briefing Deadlines at Docket 37.  **IT IS THEREFORE ORDERED:**

1. Defendants shall file and serve their answering briefs no later than June 27, 2024.

2. Plaintiff may file and serve a reply brief within 14 days after service of Defendants' briefs.

DATED this 17th day of August 2024, at Anchorage, Alaska.

                                                     */s/ Joshua M. Kindred*
                                                     JOSHUA M. KINDRED
                                                     United States District Judge