TREG R. TAYLOR
ATTORNEY GENERAL

Aaron C. Peterson (Alaska Bar No. 1011087)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: aaron.peterson@alaska.gov

*Attorney for State of Alaska*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GROUNDFISH FORUM, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NATIONAL MARINE FISHERIES SERVICE, *et al.*, | ) Case No. 3:23-cv-00283-JMK<br>)<br>) |
| Defendants, | )<br>) **STATE OF ALASKA'S MOTION** |
| and | ) **AND MEMORANDUM IN SUPPORT**<br>) **OF MOTION TO ALLOW FILING** |
| CENTRAL BERING SEA FISHERMAN'S ASSOCIATION, *et al.,* | ) **OF** *AMICUS CURIAE* **BRIEF**<br>)<br>) |
| Intervenor-Defendants. | ) |

The State of Alaska moves for an order permitting the filing of an amicus curiae brief filed along with this motion.

The District of Alaska's Local Civil Rules and the Federal Rules of Civil Procedure do not set forth the manner in which an amicus brief may be filed in a district

1

court.[1] This Court recently explained that it looks to Federal Rule of Appellate Procedure 29 for guidance.[2] Under Rule 29, a court may consider whether the movant has an interest in the litigation, whether the amicus brief would be beneficial for the court, and whether the issues discussed in the amicus brief are relevant to the case.[3]

"The district court has broad discretion to appoint amici curiae."[4] "District courts frequently welcome amicus briefs from nonparties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."[5] District courts regularly accept amicus briefs,[6] and states regularly participate as amicus curiae.[7]

---

[1] *Dep't of Fish & Game v. Fed. Subsistence Bd.*, No. 3:20-CV-00195-SLG, 2021 WL 6926426, at *1 (D. Alaska 2021)

[2] *Id*.

[3] *Id.*

[4] *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir.1982) abrogation on other grounds recognized by *Rainwater v. McGinness*, 559 Fed. App'x 635, 635 (9th Cir. 2014).

[5] *Safari Club Int'l v. Harris*, No. 2:14-CV-01856-GEB-AC, 2015 WL 1255491, at *1 (E.D. Cal. 2015) (citations omitted)

[6] *See e.g. Perry v. Schwarzenegger*, 630 F.3d 909, 914 (9th Cir. 2011) ("… twenty-four amicus briefs filed in the district court on behalf of 122 organizations and private individuals."); *United States v. AMC Ent., Inc.*, 549 F.3d 760, 765 (9th Cir. 2008) ("…the government filed an amicus brief in the District Court…"); *Salmon River Concerned Citizens v. Robertson*, 980 F.2d 738 (9th Cir. 1992) ("While the district court denied intervention, it permitted [California Forestry Association] to file amicus briefs."); *Capriole v. Uber Techs., Inc.*, 7 F.4th 854, 869–70 (9th Cir. 2021) (the Massachusetts Attorney General filed an amicus brief in the Massachusetts district court).

[7] *Fordyce v. City of Seattle*, 55 F.3d 436, 441 (9th Cir. 1995) (Washington State Attorney General filed an amicus brief in the W. D. Washington district court); *Arkema Inc. v. A & C Foundry Prod., Inc.*, No. CV 09-453-PK, 2009 WL 6496333, at *1 (D. Or. 2009) (the State of Oregon filed an amicus brief in the Oregon district court); *Matthewman v. Akahane*, 574 F. Supp. 1510,

Alaska has a significant interest in the sustainable management of federal halibut fisheries off the coast of Western Alaska tied to its economic, social, and cultural fabric, as well as to the overarching goals of sustainable resource management. As explained more fully in the amicus brief, the halibut fisheries boost the economies of remote, often economically disadvantaged communities along Alaska's western coast. Specifically, these regions benefit immensely from the economic activities generated by the fisheries, which fund essential infrastructure projects like harbor improvements, transportation facilities, and utilities that might otherwise be unaffordable.

Furthermore, Alaska has an obvious interest in the economic health of its rural communities. By enhancing the economic vitality of remote communities, preserving traditional lifestyles, and fostering sustainable fishery practices, the halibut fisheries play a crucial role in the well-being and resilience of Western Alaska's communities. It is essential to recognize that the directed halibut CDQ and IFQ fisheries are intricately linked to and hold significant importance for rural communities and for Alaska as a whole. Hence, the sustainability of the species is paramount to ensuring that this historic reliance upon halibut endures for future generations.

In terms of procedural considerations, under Rule 29(a)(6), a motion to file an amicus brief should be filed no later than seven days after the filing of the initial brief of the party whom the amicus is supporting. Alaska is supporting the defendants and their

---

1511 (D. Haw. 1983) (the state of Hawaii filed an amicus brief in the Hawaii district court); *Pac. Gas & Elec. Co. v. Lynch*, 216 F. Supp. 2d 1016, 1028 (N.D. Cal. 2002) (The state of California filed an amicus brief in the N.D. Cal. district court).

3

Case 3:23-cv-00283-SLG   Document 40   Filed 06/27/24   Page 3 of 4

briefs are due on June 27, 2024. Since seven days past that date falls on Independence Day, the due date becomes July 5, 2024. Regardless, Alaska has decided to file this brief on the same day as the defendants, leaving eight days remaining in the filing period to prevent any argument that the timing might cause inconvenience.

Finally, the undersigned counsel has contacted the attorneys for all of the parties to this litigation. Regarding their responses, the federal defendants take no position on the motion. The intervenor defendants consent to the motion. The plaintiff indicated that they would review the motion after it is filed and provide its position in a response within the time limit prescribed by the local rules.

DATED: June 27, 2024.

                TREG R. TAYLOR
                ATTORNEY GENERAL

By: /s/Aaron C. Peterson
    Aaron C. Peterson
    Senior Assistant Attorney General
    Alaska Bar No. 1011087
    Department of Law
    1031 West Fourth Avenue, Ste. 200
    Anchorage, AK 99501
    Phone: (907) 269-5232
    Facsimile: (907) 276-3697
    Email: aaron.peterson@alaska.gov

*Attorney for State of Alaska*