Ryan P. Steen, Bar No. 0912084
ryan.steen@stoel.com
Jason T. Morgan, Bar No. 1602010
jason.morgan@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900

Connor R. Smith, Bar No. 1905046
connor.smith@stoel.com
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900

*Attorneys for Plaintiff Groundfish Forum, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GROUNDFISH FORUM, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONAL MARINE FISHERIES SERVICE; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; GINA RAIMONDO, in her official capacity as the United States Secretary of Commerce; and JANET COIT, in her official capacity as Assistant Administrator, National Oceanic and Atmospheric Administration,<br><br>    Defendants. | Case No. 3:23-cv-00283-SLG |

**PLAINTIFF'S UNOPPOSED MOTION TO EXPEDITE
PURSUANT TO 16 U.S.C. § 1855(f)(1)**

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Groundfish Forum, Inc. ("Plaintiff") respectfully requests an expedited decision in this case pursuant to the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"), which provides:

> Upon a motion by the person who files a petition under this subsection, the appropriate court shall assign the matter for hearing at the earliest possible date and shall expedite the matter in every possible way.[1]

Plaintiff filed its petition in this case on December 19, 2023.[2] On January 26, 2024, Plaintiff requested expedited consideration and, specifically, a decision on the merits no later than November 1, 2024.[3] The previous presiding judge denied the unopposed request to expedite (without addressing 16 U.S.C. § 1855(f)(1)), but invited Plaintiff to renew its request for specific motions.[4] The merits of this case have now been fully briefed for decision. Plaintiff therefore renews its request for a decision by November 1, 2024, or as soon thereafter as possible.[5]

---

[1] 16 U.S.C. § 1855(f)(1).

[2] Dkt. 1.

[3] Dkt. 7 at 7.

[4] Dkt. 8 at 3.

[5] Plaintiff takes no position on Federal Defendants' request for oral argument (Dkt. 49), assuming it does not interfere with the Court's ability to issue a decision by November 1, 2024. Federal Defendants provide specific dates between now and November 1, 2024 on which they and Intervenor Defendants are available for the requested argument. *Id*. Within those limited dates, Plaintiff is available September 25 and 26, 2024, and October 1, 2, 11, 16, and 17, 2024.

*Groundfish Forum, Inc. v. NMFS*
Case No. 3:23-cv-00283-SLG           1

Plaintiff does not make this request lightly, acknowledging that the Court is experiencing a judicial emergency due to lack of judicial resources.[6] Plaintiff's choices are limited because the MSA precludes preliminary injunctive relief and offsets that restriction by allowing a plaintiff to request an expedited decision.[7] Accordingly, Plaintiff renews its request for an expedited decision on the merits, as further explained below.[8]

## II. BACKGROUND

1. On November 24, 2023, Federal Defendants issued regulations implementing Amendment 123 to the Fishery Management Plan for the Groundfish of the Bering Sea and Aleutian Islands Management Areas.[9] The regulations became effective on January 1, 2024.[10]

2. The Amendment 123 regulations apply to only one sector of the groundfish fishery (called the "Amendment 80" sector), and Plaintiff represents all vessels operating in that sector.[11] Each year, the Amendment 123 regulations establish limits on halibut prohibited species catch ("PSC") that are tied to two annual halibut abundance surveys.[12]

---

[6] U.S. Courts, Judicial Emergencies, https://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies (last visited Aug. 7, 2024).

[7] 16 U.S.C. § 1855(f)(1)(A).

[8] Counsel for Plaintiff contacted counsel for Federal Defendants and Intervenor Defendants regarding this motion. Federal Defendants take no position on this motion. Intervenor Defendants take no position on this motion.

[9] 88 Fed. Reg. 82,740 (Nov. 24, 2023).

[10] *Id.*

[11] *Id.*; Second Declaration of Christopher J. Woodley ("Second Woodley Decl.") ¶ 2; Dkt. 26-2 (Declaration of Christopher J. Woodley) ¶ 5.

[12] 88 Fed. Reg. at 82,740.

The halibut PSC limit operates as a hard cap on the Amendment 80 fleet because when it is reached, fishing for target species must cease.[13]

3. The environmental impact statement for Amendment 123 estimates that, in low-abundance years, the Amendment 123 regulations could significantly restrict fishing for target stocks, thereby imposing annual costs on Plaintiff's members in excess of $100 million, and potentially causing one or more of Plaintiff's member companies to "exit" the fishery (go bankrupt or sell out).[14]

4. Plaintiff challenged the Amendment 123 regulations by filing a complaint and petition for review on December 19, 2023.[15]

5. Plaintiff and Federal Defendants negotiated and jointly moved for a briefing schedule and timeline for the production of the administrative record that sought to balance the complexity of the case with Plaintiff's need for an expeditious ruling on the merits.[16] Along with the agreed schedule, Plaintiff requested expedited treatment under 16 U.S.C. § 1855(f)(1) and, specifically, a decision by November 1, 2024. Plaintiff explained that a decision by that date would allow its members a reasonable time in advance of the 2025 fishing season to prepare for that season and make reasonable business decisions as to the number of vessels to activate and related hiring and supply needs.

---

[13] Second Woodley Decl. ¶ 2.
[14] *Id*. ¶ 4; Dkt. 26-2 ¶ 18.
[15] Dkt. 1.
[16] Dkt. 7.

6.      The Court granted the requested schedule, in part, but declined to expedite a decision on the merits.[17] The Court said that it "will endeavor to work with the parties to reach a just and speedy resolution of this case," but in "a vacuum, the Court cannot commit to specific timelines for reaching a decision."[18] The Court then "invited" Plaintiff "to request expedited rulings as motions are filed."[19]

7.      On April 4, 2024, Plaintiff filed its opening brief in accordance with the scheduling order.[20] Federal Defendants and Intervenor Defendants sought a three-week extension of time to file their opposition briefs.[21] Plaintiff opposed the extension request on the basis that it would require Plaintiff to seek an extension for its reply brief (due to pre-existing commitments), which would potentially impair the Court's ability to render a decision by November 1, 2024.[22] The Court granted the extension, explaining that even if "granting Defendants' extension will necessitate an extension for Plaintiff to file its reply the briefing will still be completed by early August," and that the "Court remains committed to 'work with the parties to reach a just and speedy resolution of this case.'"[23]

8.      Plaintiff sought the necessitated extension, which was granted, and filed its reply brief on August 1, 2024.[24] The case is now ready for decision.

---

[17] Dkt. 8.
[18] *Id*.
[19] *Id*.
[20] Dkt. 26.
[21] Dkt. 27.
[22] Dkt. 18.
[23] Dkt. 31 at 3.
[24] Dkts. 46, 48.

## III. GROUNDS FOR RELIEF

The MSA "precludes preliminary injunctive relief, a remedy ordinarily available under the APA."[25] Because preliminary injunctive relief is not available, "the Magnuson-Stevens Act trades preliminary relief for expedited review."[26] Pursuant to 16 U.S.C. § 1855(f)(1), "[i]f the party challenging the Secretary's action so requests, the court is obliged to hold a hearing and to expedite the matter in every possible way."[27]

Plaintiff requests an expedited decision by November 1, 2024, or as soon thereafter as possible. Plaintiff's members are experiencing ongoing financial harm from Amendment 123, and Plaintiff requests relief by this date so that its members have time to properly plan for the 2025 fishing season. If the Court grants Plaintiff its requested relief vacating the challenged decisions, the Amendment 80 sector will operate under the previously established 1,745 metric ton ("mt") PSC limit. If the Court denies the requested relief, the Amendment 80 sector will operate under an annual limit that could range from 1,134 mt to 1,745 mt, but, based on the currently available information, will likely be equal to or less than the 2024 limit of 1,396 mt.[28] The vessels operated by the Amendment 80 sector require significant logistical preparation (*e.g.*, vessel maintenance and extensive shipyard work, crew staffing, provisioning and supplies) and cannot be

---

[25] *Turtle Island Restoration Network v. U.S. Dep't of Com.*, 438 F.3d 937, 944 (9th Cir. 2006).

[26] *Blue Water Fishermen's Ass'n v. Nat'l Marine Fisheries Serv.*, 158 F. Supp. 2d 118, 124 (D. Mass. 2001).

[27] *N.C. Fisheries Ass'n v. Gutierrez*, 518 F. Supp. 2d 62, 72 (D.D.C. 2007) (internal quotation marks and citation omitted).

[28] 88 Fed. Reg. at 82,771; Second Woodley Decl. ¶ 3.

activated quickly.[29] In response to Amendment 123, some of Plaintiff's members were forced to tie up vessels for the 2024 fishing season, which reduced the operating Amendment 80 fleet by a total of three fishing vessels, resulting in hundreds of jobs lost and significant lost revenue.[30] In the first six months of Amendment 123, under the 1,396 mt limit (which reflects the "low-high" abundance scenario), the Amendment 80 sector has experienced an estimated reduced harvest of primary target species (flatfish and Pacific cod) of between 10% and 14%, amounting to losses of between $11.5 and $14 million.[31]

Plaintiff's members must make similar decisions in advance of the 2025 fishing year.[32] November 1, 2024 is the latest date on which Plaintiff' members can reasonably make decisions regarding which and how many vessels to activate, how many people to employ, and what supplies to purchase for the 2025 fishing year.[33] Plaintiff respectfully requests a ruling on the merits by that date.

---

[29] Second Woodley Decl. ¶ 5.
[30] *Id.*; Dkt. 26-2 ¶ 18.
[31] Second Woodley Decl. ¶ 4.
[32] *Id.* ¶ 5.
[33] *Id.*

DATED: August 8, 2024.               STOEL RIVES LLP


                                     By: */s/ Ryan P. Steen*
                                         Ryan P. Steen, Bar No. 0912084
                                         ryan.steen@stoel.com
                                         Jason T. Morgan, Bar No. 1602010
                                         jason.morgan@stoel.com
                                         Connor R. Smith, Bar No. 1905046
                                         connor.smith@stoel.com

                                         *Attorneys for Plaintiff Groundfish Forum, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2024, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in Case No. 3:23-cv-00283-SLG who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Ryan P. Steen*
Ryan P. Steen