Ryan P. Steen, Bar No. 0912084
ryan.steen@stoel.com
Jason T. Morgan, Bar No. 1602010
jason.morgan@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900

Connor R. Smith, Bar No. 1905046
connor.smith@stoel.com
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900

*Attorneys for Plaintiff Groundfish Forum, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GROUNDFISH FORUM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; GINA RAIMONDO, in her official capacity as the United States Secretary of Commerce; and JANET COIT, in her official capacity as Assistant Administrator, National Oceanic and Atmospheric Administration,<br><br>Defendants. | Case No.: 3:23-cv-00283-SLG |

**SECOND DECLARATION OF CHRISTOPHER J. WOODLEY**

I, Christopher J. Woodley, hereby declare and state as follows:

1. I am the Executive Director of the Groundfish Forum, Inc. ("GFF"), a non-profit Washington trade association with its principal place of business in Seattle, Washington. I make this declaration in support of GFF's motion to expedite pursuant to 16 U.S.C. § 1855(f)(1). This declaration is based on my personal knowledge and experience as GFF's Executive Director. This declaration follows my previous declaration, which is filed at Docket 26-2 in this case.

2. GFF is a trade association that represents five member companies. Those member companies collectively operate all of the vessels in the Amendment 80 sector. The Amendment 123 regulations challenged in this lawsuit apply only to the Amendment 80 sector. Each year, those regulations establish a limit on halibut prohibited species catch ("PSC") for the Amendment 80 sector that is tied to two annual halibut abundance surveys. The halibut PSC limit operates as a hard cap on the Amendment 80 fleet because when it is reached, fishing for target species must cease. None of the stocks targeted by the Amendment 80 sector are overfished or subject to overfishing.

3. Prior to January 1, 2024, under the Amendment 111 regulations, the Amendment 80 sector had an annual halibut PSC limit of 1,745 metric tons ("mt"). Under the Amendment 123 regulations, the Amendment 80 sector's annual PSC limit can range from 1,134 mt to 1,745 mt. In 2024, under the Amendment 123 regulations, the Amendment 80 sector's halibut PSC limit is 1,396 mt, which reflects the "low-high" abundance scenario from the two surveys. Based on currently available information, it is likely that the Amendment 80 sector's halibut PSC limit in 2025 will be equal to or less

than the 2024 limit. The reduced halibut PSC limits imposed by the Amendment 123 regulations have significant financial impacts on the Amendment 80 sector.

4. As the EIS for Amendment 123 states, in low-abundance years, the Amendment 123 regulations can cause impacts to the Amendment 80 sector of over $100 million and may be so great that one or more of GFF's members may have to "exit" the fishery (go bankrupt or sell out). Indeed, even under Amendment 123's "low-high" scenario (1,396 mt limit) for 2024, the Amendment 80 sector has experienced significant financial impacts. Based on my assessment of the best available information, in the first half of 2024, the Amendment 80 sector's production of primary target species (flatfish and Pacific cod) was reduced by 14%, with a corresponding revenue reduction of approximately $14 million, compared to the first of halves (averaged) of 2022 and 2023. Compared to the 2018-2023 time period (averaged and excluding the outlier Covid-19 years of 2020 and 2021), the Amendment 80 sector's production of primary target species (flatfish and Pacific cod) for the first half of 2024 was down by 10%, with a corresponding revenue reduction of $11.5 million.

5. The vessels operated by GFF's members require significant logistical preparation (*e.g.*, vessel maintenance and extensive shipyard work, crew staffing, provisioning and supplies) and cannot be activated quickly. In response to Amendment 123, some of GFF's members were forced to tie up vessels for the 2024 fishing season, which reduced the operating Amendment 80 fleet by a total of three fishing vessels and resulted in hundreds of jobs lost and significant lost revenue. GFF's members must make similar decisions in advance of the 2025 fishing year, which begins in January 2025.
*Groundfish Forum, Inc. v. NMFS*
Case No. 3:23-cv-00283-SLG
Case 3:23-cv-00283-SLG   Document 56-1   Filed 08/08/24   Page 3 of 4

2

Based on the information I have received from GFF's members, November 1, 2024 is the latest date on which GFF's members can reasonably make decisions regarding which and how many vessels to activate, how many people to employ, and what supplies to purchase for the 2025 fishing year.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 8th day of August, 2024.

*C.J. Woodley*
Christopher J. Woodley